```
            IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF TEXAS
                       EL PASO DIVISION
```

**NICOLE M. COSOLA**,

        Plaintiff,

v.                                       Case No. __3:23-CV-00073__

**ECOHEALTH ALLIANCE**,

        Defendant.

## **COMPLAINT**

COMES NOW the Plaintiff, Nicole M. Cosola, by and through her attorney, Fernando Chacon, and states the following as and for her cause of action against the Defendant herein.

1. Plaintiff Nicole M. Cosola is a resident of El Paso County, Texas, and is the widow of William G. Cosola, deceased.

2. Defendant Ecohealth Alliance ("EHA") is a nonprofit organization located in New York, New York. EHA supports research into coronaviruses. Peter Daszak, as President of EHA, is responsible for ensuring that research with infectious agents is conducted responsibly.

3. National Institutes ("NIH") is a Federal agency of the United States located in Bethesda, Maryland.

4. National Institute of Allergy and Infectious Diseases ("NIAID") is a Federal agency of the United States located in Rockville, Maryland.

5. The U.S. Department of Health and Human Services oversees the NIH and NIAID.

6. Defendant Ecohealth Alliance is being sued pursuant to the provisions of the Texas Civil Practice and Remedies Code Title 4. Liability In Tort, Chapter 71. Wrongful Death.

7. Francis S. Collins is a former employee and Director of the NIH. At all times herein, Mr. Collins was Director of the NIH and acting within the scope of his employment. As Director of the NIH, Mr. Collins was responsible for ensuring that research with infectious agents is conducted responsibly.

8. Anthony Fauci is a former employee and the Director of the NIAID. At all times herein, Mr. Fauci was acting within the scope of his employment. As Director of the NIAID, Mr. Fauci serves as the chief liaison with the National Institutes of Health (NIH) director. Mr. Fauci is also responsible for ensuring that research with infectious agents is conducted responsibly.

## Jurisdiction and Venue

9. Jurisdiction against Defendant EcoHealth Alliance is proper in this Court pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**Count I - Negligence**

10. On or about September of 2019, the COVID-19 virus leaked from the Wuhan Institute of Virology Laboratory in Wuhan, China, which was actively performing research into coronaviruses, including gain of function research.

11. Gain of function research is research that involves experimentation and is expected to increase the transmissibility and/or virulence of pathogens. Gain of function research aims to make viruses more infectious and deadlier or more virulent, often to humans. Gain of function experiments are conducted to make viruses more contagious or deadly.

12. Prior to the laboratory leak, the NIH and NIAID funded over $826,000 from 2014 to 2019 to the Wuhan Institute of Virology through a sub-grant from a larger grant to Defendant EHA. In 2019, the NIH and NIAID funded over $76,000 to the Wuhan Institute of Virology through Defendant EHA.

13. Defendant EHA, acting by and through its President, Peter Daszak, and agents and employees, was negligent and careless in one or more of the following respects:

(a) At the time EHA funded monies to the Wuhan Institute of Virology, EHA knew or should have known that the Wuhan Institute was conducting research into coronaviruses, including gain of function research.

(b) At the time EHA funded monies to the Wuhan Institute of Virology, EHA knew or should have known that there existed serious biosafety problems at the Wuhan Institute of Virology.

(c) At the time EHA funded monies to the Wuhan Institute of Virology, EHA knew or should have known that he had no oversight and no way of knowing how safe the laboratories were where these risky experiments were taking place.

14. Notwithstanding these facts, EHA negligently funded funded monies to the Wuhan Institute of Virology which EHA had no supervision nor control over.

15. That said negligence of Defendant EHA as set forth above directly and proximately caused or contributed to cause the deceased to die and also to endure pain and suffering between the time he contracted COVID-19 and the time of his death. Plaintiff is entitled to a claim of damages based on this pain and suffering, all pursuant to the Texas Wrongful Death Statute.

16. That said negligence of Defendant EHA as set forth above also directly caused or contributed to cause Plaintiff to suffer the loss of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support by reason of death. Furthermore, Plaintiff suffered pecuniary losses including medical and funeral expenses all by reason of the death.

17. As a direct and proximate result of the negligent actions and omissions of Defendant EHA in funding monies to the Wuhan Institute Of Virology, the Wuhan Institute created a deadly coronavirus that leaked from its laboratory and spread worldwide, causing the death of William G. Cosola, Plaintiff's husband.

18. The actions and omissions of Defendant EHA proximately caused or contributed to cause the deceased to die and also to endure pain and suffering between the time of injury and the time of death.

19. The actions and omissions of Defendant EHA causing or contributing to cause the deceased's death also proximately caused or contributed to cause Plaintiff to suffer loss of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support by reason of death. Furthermore, Plaintiff suffered pecuniary losses including medical and funeral expenses by reason of decedent's death.

WHEREFORE, the Plaintiff, Nicole M. Cosola, prays for judgment against the Defendant EHA for such damages as are fair and reasonable in an amount in excess of $75,000.00, for costs incurred, and for such other relief as the Court deems just and proper.

/s/ Fernando Chacon

_____

Fernando Chacon
Texas Bar No. 04052800
730 Hemphill Court
El Paso, Texas 79907
915-542-3850 - Phone
attorney.fchacon@yahoo.com
E-Mail Address

ATTORNEY FOR PLAINTIFF

/s/ R. Bruce Kips

_____

R. Bruce Kips
BMO Harris Bank Building
6333 Long Avenue, Suite 380
Shawnee, Kansas 66216
913-962-9800 - Phone
913-962-0814 - Fax
rkips@aol.com - E-Mail

ATTORNEY FOR PLAINTIFF

**DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL**

COMES NOW the Plaintiff, by and through her attorney, Fernando Chacon, and hereby demands a trial by jury in this matter, and designates El Paso Division of the United States District Court for the Western District of Texas as the place of trial.

/s/ Fernando Chacon

_____

Fernando Chacon